IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:91-cr-11 (MTT) |
| | ) |
| ERIC BRYANT, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### ORDER

Federal prisoner Eric Bryant, proceeding pro se, has filed his second motion for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). Doc. 86. For the following reasons, the motion (Doc. 86) is **DENIED.**

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon motion by the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a court

> may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement and commentary found at U.S.S.G. § 1B1.13, which were promulgated before the enactment of the First Step Act of 2018, provide guidance on the grounds for compassionate release, specifically on what constitutes "extraordinary and compelling" reasons warranting a sentence reduction. Only four circumstances qualify as

extraordinary and compelling reasons. First, extraordinary and compelling reasons may exist based on the medical condition of the prisoner if the prisoner is suffering from a terminal illness or the prisoner's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process. § 1B1.13 cmt. n.1(A). Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the prisoner is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. § 1B1.13 cmt. n.1(B). Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the prisoner's minor child or children dies or is incapacitated, or when the prisoner's spouse or registered partner becomes incapacitated and the prisoner would be the only available caregiver for the spouse or registered partner. § 1B1.13 cmt. n.1(C). Fourth, referred to as the "catch-all" provision, an extraordinary and compelling reason may be present when the Director of the Bureau of Prisons determines that such a reason exists. § 1B1.13 cmt. n.1(D).

      The Eleventh Circuit has held that this policy statement and commentary are applicable to, and limit, prisoner-filed motions for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). Moreover, the fourth or "catch-all" circumstance applies only to compassionate release determinations made by the

Director of the Bureau of Prisons.  *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (summarizing *Bryant*).

Accordingly, for Bryant to establish that extraordinary and compelling reasons exist and warrant a sentence reduction, he must establish that he is not dangerous and that he falls within one or more of the three applicable circumstances defined in the policy statement's commentary.  *Bryant*, 996 F.3d at 1253 ("If [the prisoner] is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted.").

**A. Whether Bryant has Shown an Extraordinary and Compelling Reason**

On April 18, 1991, Bryant was indicted on seven counts for his involvement in a series of robberies.  Doc. 1-1.  After a jury found him guilty on all counts, Bryant was sentenced on December 20, 1991 to 775 months' imprisonment.  Doc. 89.  540 of those months were for violations of 18 U.S.C. § 924(c).  Docs. 1-1; 89.

Bryant argues two circumstances qualify as extraordinary and compelling reasons warranting his release.  Doc. 86.

First, Bryant argues COVID-19 places him at high risk of "serious injury," and Federal Correctional Institution Coleman Medium, where he is currently housed, is unable to contain the virus.  *Id*. at 3-4.  Because he does not specify what health conditions place him in this risk category, the Court relies on his prior motion for reconsideration of his first motion for compassionate release.  Doc. 63.  In that motion, Bryant stated he has high blood pressure, diabetes, and cholesterol, and he takes mental health medication.  *Id*. at 4.  However, as the Court noted in denying his motion

for reconsideration, Bryant has not established that any of his illnesses are terminal or have hindered his ability to provide self-care. Doc. 78 at 5; § 1B1.13 cmt. n.1(A). Moreover, in this circuit, the mere increased likelihood of harm from COVID-19 does not qualify as an extraordinary and compelling reason. *See United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Second, Bryant asserts that the Supreme Court's decision in *Concepcion v. United States* overruled *Bryant*, and thus his "unlawful" § 924(c) sentences qualify as an extraordinary and compelling reason.[1] *Id*. at 4-6; 142 S. Ct. 2389 (2022); 996 F.3d 1243. The Court previously denied Bryant's requests for a reduction based on his stacked § 924(c) sentences. Docs. 58; 62 at 2-3; 78 at 3-5. However, these previous denials occurred before the Supreme Court decided *Concepcion*. The Court again reviews whether Bryant is entitled to relief based on his § 924(c) sentences. The Court concludes that he is not.

Bryant argues the Supreme Court's decision in *Concepcion* broadened Eleventh Circuit district courts' discretion in granting compassionate release by overruling *Bryant*.[2] Doc. 86 at 4-8. According to Bryant, this broadened discretion allows the Court to find that his sentence disparity qualifies as an extraordinary and compelling reason. *Id*. However, the Eleventh Circuit has held *Concepcion* did not affect its holding in *Bryant*. *United States v. Beckford*, 2022 WL 4372553, at *2-3 (11th Cir. Sept. 22, 2022) ("[W]e cannot conclude that *Concepcion* abrogates this Court's prior holding

---

[1] As more fully discussed in part B, at the time Bryant was sentenced, § 924(c) provided a mandatory twenty-year consecutive sentence for each subsequent violation. 18 U.S.C. § 924(c)(1) (1991). This requirement resulted in Bryant receiving two twenty-year consecutive sentences for counts six and seven.

[2] In *Concepcion*, the Supreme Court held "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404.

in *Bryant*."); *United States v. Hamilton*, 2022 WL 16845149, at *3 (11th Cir. Nov. 10, 2022); *United States v. Burgos*, 2023 WL 2129554, at *2 (11th Cir. Feb. 21, 2023).  And under *Bryant*, the Court is limited to considering the circumstances defined in § 1B1.13, which do not include stacked sentences as an extraordinary and compelling reason.  *See United States v. Gaines*, 2022 WL 5237593, at *2 (11th Cir. Oct. 6, 2022) ("[T]hat a defendant received stacked sentences is not a reason listed in § 1B1.13.  Thus, under *Bryant*, [the defendant] cannot show extraordinary and compelling reasons justifying his release."); *United States v. Johnson*, 2022 WL 17246763, at *3-4 (11th Cir. Nov. 28, 2022).

The Court again recognizes that Bryant's argument would not be without merit if the Court were in another circuit.  *See* Doc. 78 at 4-5.  But the Court is bound by this circuit's precedent.

Accordingly, Bryant has not established an extraordinary and compelling reason warranting his release.[3]

## B. Section 3553(a) Factors

As noted, a prisoner in this circuit is ineligible for a reduction if he or she does not establish that extraordinary and compelling reasons, as defined by § 1B1.13, exist.  *Bryant*, 996 F.3d at 1254.  If the prisoner has established extraordinary and compelling reasons, then "the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted."  *Id*.  A district court "must also determine that

---

[3] The Court notes that the United States Sentencing Commission voted on April 5, 2023 to promulgate amendments to the federal sentencing guidelines, including guidelines governing compassionate release. United States Sentencing Commission News Release, *"Back in Business" U.S. Sentencing Commission Acts to Make Communities Safer & Stronger*, April 5, 2023, https://www.ussc.gov/about/news/press-releases/april-5-2023.  Unless Congress acts otherwise, these amendments will go into effect on November 1, 2023 and will expand the scope of what constitutes an "extraordinary and compelling" reason.  *Id*.

the defendant is not a danger to the safety of any other person or to the community." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (citation and internal quotation marks omitted).  Logically, if a prisoner has not established an extraordinary and compelling reason, there is no need to address the § 3553(a) factors.  However, because of arguably conflicting authority,[4] and the Court's desire to thoroughly address the merits of Bryant's motion, the Court will consider the § 3553(a) factors relevant to his circumstances.

After thorough consideration, the Court is satisfied that the § 3553(a) factors weigh in favor of Bryant's early release.  Although "the nature and circumstances" of Bryant's offenses are serious and violent—he participated in numerous armed robberies which endangered many lives—other factors outweigh this seriousness.  § 3553(a)(1). Bryant has served over thirty years for his conduct.  Serving thirty-plus years reflects the seriousness of his offenses, has provided him with just punishment, and has, in his words, allowed him to "put[] his past behind him and to help him take responsibility for his life."  § 3553(a)(2); Doc. 86 at 7.  Moreover, Bryant's time incarcerated has provided him with substantial educational training.  *Id*.  He has earned his GED and has taken part in vocational training, including technology, business, and real estate classes.  Doc.

---

[4] In *United States v. Cook*, the Eleventh Circuit reversed a district court's denial of an inmate's motion for compassionate release because the district court had not analyzed the applicable § 3553(a) factors, despite a finding that the prisoner had not first established an extraordinary and compelling reason warranting a sentence reduction.  998 F.3d 1180, 1184 (11th Cir. 2021) ("[A]n order granting or denying compassionate release … must indicate that the court considered the applicable [§ 3553(a)] factors.").  As a result of *Cook*, several district court orders denying compassionate release were reversed for not addressing the applicable § 3553(a) factors.  *United States v. Janwatanagool*, 849 F. App'x 905, 906 (11th Cir. 2021);  *United States v. Lonergan*, 859 F. App'x 464 (11th Cir. 2021); *United States v. Adams*, 2021 WL 4227704 (11th Cir. Sept. 16, 2021).  But then, in *United States v. Giron*, the Eleventh Circuit held that "[w]hen denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public."  15 F.4th 1343, 1347 (11th Cir. 2021).

86-3 at 1-2. He does not have a recent disciplinary history and the Federal Bureau of Prisons has also indicated he is at a low-risk of recidivism. *Id*. at 3.

Finally, the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is significant here. § 3553(a)(6). Bryant's lengthy 775-month sentence was a result of the requirements of § 924(c) at the time of his sentencing.

Section 924(c), as it stood in 1991, required courts to impose a twenty-year mandatory minimum consecutive sentence where it was the offender's "second or subsequent conviction under" § 924(c). 18 U.S.C. § 924(c)(1) (1991); *Deal v. United States*, 508 U.S. 129 (1993); *United States v. Smith*, 967 F.3d 1196, 1210 (11th Cir. 2020) ("The Supreme Court had interpreted the [20]-year mandatory minimum as applying to second (and third, and fourth, and so on) § 924(c) convictions within a single prosecution."). Consequently, Bryant received two twenty-year consecutive sentences for counts six and seven. *See* Doc. 90.

The First Step Act of 2018 amended § 924(c) to address the unfair stacked sentences it produced. Now, an offender will not face extended consecutive sentences where multiple violations of § 924(c) are charged in a single prosecution. 18 U.S.C. § 924(c)(1)(C) (2022) ("In the case of a violation of this subsection that occurs *after a prior conviction under this subsection has become final*, the person shall … be sentenced to a term of imprisonment of not less than 25 years.") (emphasis added). However, as the Court noted in denying Bryant's previous motions, this section of the First Step Act does not apply retroactively. Docs. 58; 62 at 2-3; 78 at 3-5. Rather, it applies "to any offense that was committed before the date of enactment of [the] Act, if a sentence for the

offense has not been imposed as of such date of enactment." First Step Act of 2018, PL 115-391, Dec. 21, 2018. The First Step Act was enacted on December 21, 2018. *Id*. Because Bryant committed his offenses between 1989 and 1990, and was sentenced in 1991, he is not entitled to relief under this amendment. Docs. 1-1; 89. Had Bryant been sentenced pursuant to §924(c) as it exists *today*, he very well may have been released already. *See generally Bryant*, 966 F.3d at 1265-1273 (Martin, J., dissenting). Consequently, a significant sentence disparity exists between Bryant and defendants now sentenced for multiple violations of § 924(c) in a single prosecution.

Although the § 3553(a) factors weigh in favor of his early release, Bryant has failed to establish that extraordinary and compelling reasons warrant a sentence reduction. Accordingly, his motion for compassionate release (Doc. 86) is **DENIED**.[5]

**SO ORDERED**, this 10th day of April, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[5] Because the law is clear that Bryant is not entitled to a sentence reduction, his request for an evidentiary hearing (Doc. 86 at 6) is **DENIED**.