**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **CASE NO. 5:91-CR-11 (MTT)** |
| **ERIC BRYANT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Federal prisoner Eric Bryant has moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). For the following reasons, Bryant's motion (ECF 99) is **DENIED.**

## I. BACKGROUND

In 1991, Bryant was convicted of one count of conspiracy to commit Hobbs Act Robberies, two counts of Hobbs Act Robbery, one count of armed bank robbery, and three counts of 18 U.S.C. § 924(c) for use of a firearm in a crime of violence. ECF 57 at 1. The Court sentenced Bryant to 235 months for the conspiracy and robbery counts, but the bulk of Bryant's sentence came from the § 924(c) convictions. *Id.* The Court sentenced Bryant to 60 months for the first § 924(c) conviction, 240 months for the second § 924(c) conviction, and 240 months for the third § 924(c) conviction—all of which were to be served consecutively to all other counts. *Id.* In total, Bryant was sentenced to 775 months imprisonment, 540 of which were from § 924(c) convictions, and 480 of which were from subsequent or "stacked" § 924(c) convictions. *Id*. Section 403 of the First Step Act of 2018 eliminated the practice of "stacking" § 924(c) convictions, but this change was not made retroactive. 18 U.S.C. § 924(c)(1)(C); Pub. L.

No. 115-391, § 403, 132 Stat. 5194 (2018). If Bryant were sentenced today, he would only receive two consecutive five-year terms for the second and third § 924(c) counts, instead of two consecutive twenty-year sentences. ECF 99 at 8. He argues that he is entitled to compassionate release under 18 U.S.C. § 3582(c)(1).

## II. STANDARD

Under the First Step Act of 2018, a defendant who has exhausted his administrative rights can move for a sentence reduction, commonly called "compassionate release." 18 U.S.C. § 3582(c)(1)(A). On the defendant's motion, a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction.[1]

*Id*. U.S.S.G. § 1B1.13 is the applicable policy statement governing compassionate release motions. *See United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

Section 1B1.13, as amended effective November 1, 2023, provides that six circumstances qualify as extraordinary and compelling reasons. Those circumstances, generally, are: (1) the defendant's medical circumstances; (2) the defendant's advanced age; (3) the defendant's family circumstances; (4) the defendant was a victim of sexual or physical abuse committed by "a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant"; (5) "other reasons"[2]; and (6) the defendant's "unusually long sentence."

---

[1] A defendant can also move for a sentence reduction if he is at least 70 years old and meets other specified criteria. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(a)(1)(B).

[2] Prior to the November 2023 amendments, the "other reasons" circumstance stated: "*As determined by the Director of the [BOP]*, there exists in the defendant's case an extraordinary and compelling reason

U.S.S.G. § 1B1.13(b). With the exception of subsection (b)(6), a court cannot consider "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) … for purposes of determining whether an extraordinary and compelling reason exists." § 1B1.13(c).

If the defendant has established an extraordinary and compelling reason, then the court moves on to consider whether the defendant is "a danger to the safety of any other person or to the community" and the § 3553(a) factors. §1B1.13(a)(2); *Bryant*, 996 F.3d at 1254. If the defendant has failed to establish an extraordinary and compelling reason, the court need not consider the § 3553(a) factors. *United States v. Giron*, 15 F.4th 1343, 1347–50 (11th Cir. 2021).

## III. DISCUSSION

For the following reasons, Eric Bryant has not established that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1).

### A. Whether Eric Bryant has Shown an Extraordinary and Compelling Reason

Bryant argues that he is entitled to compassionate release, identifying two circumstances as "extraordinary and compelling" reasons under U.S.S.G. § 1B1.13(b). First, he relies on the "other reasons" provision. *See* U.S.S.G. § 1B1.13(b)(5). Second, he relies on the "unusually long sentence" provision. See U.S.S.G. § 1B1.13(b)(6).

---

other than, or in combination with, the reasons described in subdivisions (A) through (C)." United States Sentencing Commission, *Amendments to the Sentencing Guidelines (effective November 1, 2024)*, pg. 12, https://www.ussc.gov/guidelines/amendments (Apr. 27, 2023) (emphasis added); *Bryant*, 996 F.3d at 1248 (emphasis added). Thus, the Eleventh Circuit held that that provision "does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" and is only applicable to determinations made by the Director of the BOP. *Id.* at 1248, 1262-65. Amended § 1B1.13(b)(5), which deleted the reference to the Director of the BOP, provides: "The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)."

In *United States v. Rutherford*, the Supreme Court held that a sentence disparity resulting from Congress's change to the stacking provisions of § 924(c) cannot constitute an "extraordinary and compelling" reason warranting sentence reduction under § 3582(c)(1)(A)(i). 608 U.S. 454, 465–67 (2026) ("Far from 'extraordinary,' nonretroactive amendments to criminal penalties are the norm."). Bryant concedes that *Rutherford* forecloses his "unusually long sentence" argument. ECF 107 at 2–3.

But Bryant continues to argue that U.S.S.G. § 1B1.13(b)(5) supports granting compassionate release. *Id.* at 3. Under subsection (b)(5), the Court can consider "circumstance[s] or [a] combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).[3]

Bryant argues that several factors combine to create "extraordinary and compelling" reasons, including:

> his old age upon his projected release date, his reduced recidivism risk at his current age, his demonstrated rehabilitation, the fact that his original sentence was obtained based on a violation of his Sixth Amendment jury right, and unwarranted disparities between his prison term and the mean and median terms for similar offenses and offenders, between his prison term and the mean and median terms for more serious offenses, and between his prison term and those of his co-defendants.

ECF 107 at 1–2. The Government argues that *Rutherford* forecloses Bryant's argument under subsection (b)(5) because the Supreme Court explained that the "heartland" of

[3] Again, the circumstances described in paragraphs (1) through (4) include: (1) the defendant's medical circumstances; (2) the defendant's advanced age; (3) the defendant's family circumstances; and (4) the defendant was a victim of sexual or physical abuse committed by "a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant[.]" U.S.S.G. § 1B1.13(b)(1)–(4).

compassionate release involves personal circumstances, whereas Bryant's arguments are not personal to him. ECF 104 at 4–5. The Court is not persuaded. The Supreme Court did not hold that reasons beyond personal circumstances can never qualify as "extraordinary and compelling." *Rutherford*, 608 U.S. at 467 ("We need not decide whether there are reasons beyond personal circumstances that could qualify as 'extraordinary and compelling.'").

Still, Bryant fails to meet the "extraordinary and compelling" standard.

*1. Age-Related Factors*

Bryant argues that because he will be 79 years old upon his release, which exceeds his life expectancy at birth, the Court should consider age when deciding whether he is entitled to compassionate release. ECF 99 at 9–10. Bryant also argues that men of Bryant's age have a lower risk of recidivism. *Id.* at 10–11.

Age can be a consideration. Age itself can be an "extraordinary and compelling reason" where "[t]he defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13(b)(2). Bryant, born in September 1966, is 60 years old. ECF 99 at 9. He does not argue that he is experiencing physical or mental deterioration, but he has served at least 10 years of his sentence. *Id.* at 1–2. The Court gives relatively little weight to Bryant's age arguments. Whether the Defendant's release date is past his projected life expectancy and whether men his age generally have a reduced recidivism risk are not within the policy statements in U.S.S.G. § 1B1.13, nor are they similar in gravity. *See, e.g.*, *United States v. Smith*, 177 F.4th 1166, 1169 (11th Cir. 2026) (finding

that youth at the time of offense "does not fall into any of the enumerated categories outlined in U.S.S.G. § 1B1.13(b), nor is it similar in gravity"); *see also United States v. Arrate-Rodriguez*, 2025 WL 1012835, at *1–2. (11th Cir. Apr. 1, 2025) (concluding the district court did not err in denying the motion for compassionate release based on rehabilitation, minimal risk of recidivism, unusually long sentence, and intervening changes in the law).

*2. Sentencing Disparity*

Bryant argues that his sentence is disproportionate to average sentences for similar crimes, more serious offenses, and to his co-defendants. ECF 99 at 11–15; 107 at 5. The Court also gives relatively little weight to Bryant's sentencing disparity arguments. *See Smith*, 177 F.4th at 1169 (finding "severity of his sentence compared to the sentences given to other defendants for other serious crimes" insufficient absent a possible retroactive guideline amendment).

*3. Sixth Amendment Violation*

Bryant argues that while the amendment to § 924(c) may not apply retroactively, the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), should. ECF 107 at 7. Bryant correctly notes that compassionate release "is not a vehicle for collateral review or error correction." *Id.* But Bryant argues that the Court can "account" for the violation of Bryant's Sixth Amendment right recognized in *Alleyne*, "without applying *Alleyne* retroactively." *Id.* However, challenges to the constitutionality of a conviction cannot establish an extraordinary and compelling reason under U.S.C. § 3582(c).[4] *United States v. Guerrero*, 2023 WL 3961416 at *1 (11th Cir. June 13, 2023)

[4] The proper mode for an individual convicted under Federal Law who believes his conviction was invalid is to file a habeas petition under 28 U.S.C. § 2255. *See United States v. Fernandez*, 104 F.4th 420, 429

("But section 3582(c) does not authorize a district court to consider collateral attacks on a prisoner's conviction."); *See also United States v. Otoupal*, 2021 WL 4438748 at *5 (11th Cir. Sept. 28, 2021) (holding that constitutional challenges to a conviction are "beyond the scope" of § 3582(c)).[5]

In sum, neither Bryant's "unusually long sentence" nor "other reasons" arguments amount to an "extraordinary and compelling reason" under § 3582(c)(1).

**B. Section 3553(a) Factors**

Without a showing of an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1), the Court has no reason to address the factors under § 3553(a).

## IV. CONCLUSION

Because Eric Bryant has failed to establish that extraordinary and compelling reasons warrant a sentence reduction, his motion for compassionate release (ECF 99) is **DENIED without prejudice**.

**SO ORDERED**, this 19th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

(2d Cir. 2024) ("[W]e conclude that since challenges to the validity of a conviction must be made under section 2255, they cannot qualify as 'extraordinary and compelling reasons' under section 3582(c)(1)(A).")

[5] Even considering Bryant's constitutional argument, neither that argument alone nor in combination with his asserted "age-related" factors and sentence disparity establishes circumstances "similar in gravity" to those enumerated in (b)(1)–(b)(4). *See United States v. Moore*, 2026 WL 1682831, at *2 (11th Cir. June 10, 2026) (discussing the requirement that the defendant's proffered "other reasons" must be similar in gravity to those included in U.S.S.G. § 1B1.13(b)(1)-(4)).